UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RYAN PINYAN,** | } |
| **Plaintiff,** | } |
| v. | } Case No.: 2:25-cv-00483-RDP |
| **CITY OF ONEONTA, ALABAMA, et al.,** | } |
| **Defendants.** | } |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on the motions to dismiss filed by Defendants Charles Clifton (Doc. # 4) and City of Oneonta, Alabama (Doc. # 6). These motions have been fully briefed (Docs. # 5, 13, 15; 7, 12, 16) and are ripe for decision. Because Plaintiff's complaint is a shotgun pleading, the court will strike Plaintiff's complaint and order him to file an amended complaint. Accordingly, the motions to dismiss (Docs. # 4, 6) are due to be denied without prejudice.

**I.      Background**

This is a case about the termination of a former police officer who worked for the City of Oneonta. (Doc. 1-1 ¶¶ 10-12). Plaintiff Ryan Pinyan ("Plaintiff") alleges that his termination was wrongful because it was done without a pretermination hearing. (*Id.* ¶¶ 10, 13). Accordingly, Plaintiff has asserted claims contained in a single count alleging violations of his federal and state procedural due process rights and violation of Alabama Code § 11-43-230(a).

Plaintiff's complaint alleges the following. He was employed with the City of Oneonta (Doc. # 1-1 ¶ 6). During his employment, Plaintiff was a Patrolman for several years and later became a K-9 officer. (*Id.* at 15). On or about November 20, 2023, while attempting to make an arrest, Plaintiff was shot in the right leg. (*Id.* ¶ 7). After being medically treated, Plaintiff began

receiving workers compensation. (*Id.*). On May 6, 2024, Plaintiff was traveling to be a witness before a grand jury and Defendant Charles Clifton ("Clifton") stopped him to demand that he sign workers compensation checks. (*Id.* ¶ 8). Clifton asked a corporal to read Plaintiff his "Garrity" rights and required Plaintiff to sign a form acknowledging this. (*Id.* ¶ 9). Clifton then asked Plaintiff a series of questions about his relationship with various single and married women. (*Id.*).

On May 10, 2024, Clifton, through "Corporal Harris and Lt. David Egan," terminated Plaintiff and ordered him to surrender his weapon. (*Id.* ¶ 11). This termination happened without Plaintiff being afforded a pretermination hearing, notice of any charges against him, or an opportunity to have his counsel present. (*Id.* ¶ 10). Plaintiff claims he was deprived of "his job, his automobile, and his weapon." (*Id.* ¶ 12). Additionally, although Plaintiff was allowed to keep his K-9 dog, he was not allowed to receive the more than $10,000 that he had raised for medical treatment of the K-9 dog. (*Id.* ¶ 15).

Plaintiff asserts a single count against both Defendants: "Plaintiff was in effect terminated for no valid legal reason." (*Id.* ¶¶ 16-17). In this count, Plaintiff asserts a violation of Alabama Code § 11-43-230(a), a procedural due process violation, an unspecified "violation of the City of Oneonta policies," and a violation of Article I, Section 13 of the Alabama Constitution. (*Id.*). Plaintiff also contends that he has suffered "mental anguish, financial, and emotional harm as a direct result of the actions of the Defendants." (*Id.* ¶ 17(e)). Additionally, Plaintiff's prayer for relief appears to state a claim for conspiracy. (*Id.* at 20).

## II.    Standard of Review

The Federal Rules of Civil Procedure also require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative

level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not satisfy Rule 8, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief requires a plaintiff to allege "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007). In addition, "a court should 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (per curiam) (citations and internal quotation marks omitted). This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the court determines that "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the claims are due to be dismissed. *Id.* at 570.

**III.     Analysis**

Defendants argue that Plaintiff's complaint (Doc. # 1-1) is a shotgun pleading. (Docs. # 5 at 7-10; 7 at 6-10). They additionally argue that various of Plaintiff's claims fail to state claims for relief. (Docs. # 5; 7).

    **A.     Shotgun Pleading**

"A complaint that fails to comply with Rules 8 and 10 may be classified as a 'shotgun pleading.'" *Luft v. Citigroup Glob. Mkts. Realty Corp.*, 620 F. App'x 702, 704 (11th Cir. 2015). The Eleventh Circuit has repeatedly and forcefully condemned shotgun pleadings. *See Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1356 n.3 (11th Cir. 2020). There are four basic categories of shotgun pleadings: 1) those in which "each count adopts the allegations of all preceding counts"; 2) those that do not re-allege all preceding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; 3) those that do not separate each cause of action or claim for relief into a different count; and 4) those that assert multiple claims against multiple defendants without specifying which applies to which. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015).

"The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. The key question in determining whether a pleading is deemed "shotgun" is not whether a complaint fits into an identified category, but rather whether it includes enough information to allow a defendant and the court to "readily determine" if it states a plausible claim for relief. *See id.* at 1326.

Here, Defendants argue that Plaintiff's complaint is a shotgun pleading of the third type because it does not separate each cause of action or claim for relief into a different count. (Docs.

4

# 5 at 9; 7 at 9). The court agrees. Plaintiff's count one asserts what are essentially four different claims for relief: a violation of Alabama Code § 11-43-230(a), a procedural due process violation, an unspecified "violation of the City of Oneonta policies," and a violation of Article I, Section 13 of the Alabama Constitution. (*Id.*). Plaintiff also contends that he has suffered "mental anguish, financial, and emotional harm as a direct result of the actions of the Defendants." (*Id.* ¶ 17(e)). Additionally, Plaintiff's prayer for relief implies a claim for conspiracy. (*Id.* at 20). Because Plaintiff's complaint is a shotgun pleading, it fails to give Defendants and the court adequate notice of his claims and the grounds upon which they rest.

A court faced with a shotgun pleading has the inherent authority to *sua sponte* demand repleader of such a complaint pursuant to Rule 12(e). *See Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1275 (11th Cir. 2006) ("We also remind district courts of their supervisory obligation to *sua sponte* order repleading pursuant to Federal Rule of Civil Procedure 12(e) when a shotgun complaint fails to link adequately a cause of action to its factual predicates."). The Eleventh Circuit strongly encourages "a district court that receives a shotgun pleading [to] strike it and instruct counsel to replead the case – even if the other party does not move the court to strike the pleading." *Est. of Bass*, 947 F.3d at 1358. Therefore, the court will require Plaintiff to replead the viable claims in his complaint. Below, the court highlights several other areas of deficiency that Plaintiff must address as he repleads his complaint.

  **B. Claims against Clifton**

Plaintiff has not specified whether he has sued Clifton in his individual capacity or official capacity (or both). The court is doubtful that Plaintiff can bring a claim against Clifton in his official capacity because he has also sued the City of Oneonta, of which Clifton is an agent. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("Official-capacity suits . . . 'generally represent

only another way of pleading an action against an entity of which an officer is an agent.'" (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978))).

The court also has substantial questions about whether Plaintiff has asserted a valid cause of action against Clifton in his individual capacity. For example, Plaintiff's claim under Alabama Code § 11-43-230(a) states that "[e]very *municipality* shall provide a predisciplinary hearing prior to the suspension or termination of its law enforcement officers . . . ." Ala. Code § 11-43-230(a). The question is whether this is a duty imposed on Chief Clifton, as opposed to one required of the municipality – here, the City of Oneonta. In repleading, Plaintiff must clarify (or omit) this claim against Clifton.

Plaintiff's federal procedural due process claim is due to be dismissed as currently pleaded because it does not cite a cause of action, such as section 1983, and therefore cannot be brought against Clifton. The Fourteenth Amendment does not provide an implied cause of action. *See Hearth, Inc. v. Dep't of Public Welfare*, 612 F.2d 981, 982 (5th Cir.), modified, 617 F.2d 381 (5th Cir. 1980) (per curiam). And, Plaintiff has not brought this action under 42 U.S.C. § 1983, which would provide a cause of action for a state actor's violation of constitutional rights. Further, although Plaintiff asserts that his due process rights under Article I, Section 13 of the Alabama Constitution were violated (Doc. # 1-1 ¶ 17(f)), he again does not cite a cause of action, and it is unclear to the court whether a cause of action may be implied against an individual for a violation of the Alabama due process clause.

Plaintiff's claim that his termination violated the City of Oneonta policies is deficiently pleaded because he has not stated specifically what policies were violated. (Doc. # 1-1 ¶ 17(d)). If Plaintiff wishes to assert that Clifton is liable for violating City of Oneonta policies, he must do so

in a separate count and set out in detail such plausible factual allegations that would permit the court to infer that he has a claim to relief.

Finally, the court cannot decipher any conspiracy claim that Plaintiff has pleaded, although he seeks declaratory relief "finding that defendants and their agents have conspired." (Doc. # 1-1 at 20). If Plaintiff wishes to assert a conspiracy claim, he must do so in a separate count that sets out in detail plausible factual allegations that allow the court to infer that he has a right to relief.

### C. Claims against City of Oneonta

The apparent deficiencies in Plaintiff's federal due process, state due process, and conspiracy claims against Clifton are also present in the same claims against the City of Oneonta. Although the court will not repeat that discussion here, Plaintiff must also address those deficiencies in any re-asserted claim against the city.

### IV. Conclusion

For the reasons discussed above, although the pending motions to dismiss (Docs. # 4, 6) are **DENIED WITHOUT PREJUDICE**, Plaintiff's complaint (Doc. # 1-1) is **STRICKEN**. **On or before August 5, 2025**, Plaintiff **SHALL** file an amended complaint that remedies the shotgun pleading issues and the other deficiencies discussed above.

**DONE** and **ORDERED** this July 15, 2025.

_____
**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE